IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Crystal L. Wickersham, | ) | |
| | ) | Civil Action No. 9:13-cv-01192-DCN |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Ford Motor Company, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| Crystal L. Wickersham, as Personal Representative of the Estate of John Harley Wickersham, Jr., | ) ) ) | Civil Action No. 9:14-cv-00459-DCN |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Ford Motor Company, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF OR RELATING TO AN ALLEGATION THAT MR. WICKERSHAM ATTEMPTED SUICIDE IN THE FEBRUARY 3, 2011 COLLISION**

Plaintiffs Crystal L. Wickersham, individually, and Crystal L. Wickersham, as Personal Representative of the Estate of John Harley Wickersham, Jr., (collectively "Plaintiff") move this Court for an order excluding any evidence of, relating to, or suggesting that Mr. Wickersham attempted to commit suicide in the February 3, 2011 collision at issue in this case. The grounds for this Motion are that there is no evidence to support such an argument and any purported evidence is unfairly prejudicial.

1

## RELEVANT FACTS

In this product liability action, Plaintiff alleges Ford Motor Company ("Ford") negligently designed and manufactured the airbag system in Plaintiff's 2010 Ford Escape. On the night of February 3, 2011, while driving during a rain storm, Mr. Wickersham lost control of the vehicle, went off the road, and collided with a tree. The driver's side airbag deployed late and, rather than protecting Mr. Wickersham, it caused severe, permanent injuries to his face. He later committed suicide as a result of the chronic pain caused by the defective airbag system.

Plaintiff anticipates Ford will attempt to argue, or at least suggest, that, in the February 3, 2011, accident, Mr. Wickersham attempted suicide. However, there is no evidence to support this assertion.

Mr. Wickersham was diagnosed with bipolar disorder in 2003, when he was approximately forty-six years old. (ECF # 38-1 p. 35). In Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment (ECF # 38), Plaintiff details Mr. Wickersham's history of treatment for bipolar disorder and prior suicidal ideations. For brevity, Plaintiff incorporates those details into this motion. In sum, while Mr. Wickersham had prior suicidal ideations, he never attempted suicide prior to the suicide at issue in this case that occurred on July 21, 2012, and resulted in Mr. Wickersham's death.

A month prior to the February 2011 accident, Mr. Wickersham experienced worsening depression and some suicidal ideation. (ECF # 38-2 p. 11). However, after receiving a new depression medication, Mr. Wickersham had no suicidal ideation and felt better. *Id.* at pp. 13, 20-21. Mr. Wickersham did not remember how the accident happened. (ECF # 38-1 p. 58). He told Mrs. Wickersham that he did not fall asleep or have any kind of episode while driving. *Id.* at pp. 58-59.

The highway patrol officer who responded to the scene of the accident testified Mr. Wickersham was driving between 40 and 45 miles per hour on a road with a 50 mile per hour speed limit. (Exh. 1, Concepcion Depo. pp. 10, 19, 35-36). The officer determined the cause of the accident to be that Mr. Wickersham "was going a little too fast for the condition of the road" considering the rain storm. *Id.* at p. 43 lns. 8-9.

The Court should exclude this evidence because there is no proof that Mr. Wickersham attempted suicide when the vehicle ran off the road. Further, allowing Ford to introduce any such evidence or suggest this assertion to the jury would be unfairly prejudicial to Plaintiff.

### ARGUMENT

**I.     There is no Proof that Mr. Wickersham Attempted Suicide**

The Court should exclude any argument, suggestion, or purported evidence of a February 3, 2011 suicide attempt because there is no proof that Mr. Wickersham attempted to commit suicide when the vehicle ran off the road. Rather, the only evidence is that he drove within the posted speed limit, but possibly too fast for the rainy conditions and lost control of the vehicle. (Exh. 1, pp. 35-36, 43). Therefore, any argument or suggestion that Mr. Wickersham attempted suicide is pure speculation.

Ford's own expert, Dr. Jennifer Payne, testified that she saw no evidence of a suicide attempt prior to the July 2012 attempt at issue in this case.

> Q. Have you reviewed any information in this case, this specific case we are here about today, that demonstrates that Mr. Wickersham had any previous suicide attempts?
>
> A. No. I did not find evidence that he had had a previous suicide attempt.

(ECF # 38-10 p. 8 lns. 5-10). Any argument or suggestion by Ford that the February 3, 2011 collision was a suicide attempt is contrary to the testimony of its own expert. Such an inference is wholly unsupported by the evidence in this case and should be excluded.

3

## II. Evidence or a Suggestion that Mr. Wickersham Attempted Suicide on February 3, 2011 is Unfairly Prejudicial

Even if the Court finds the purported evidence sufficient, it should still exclude it under Fed. R. Civ. P. 403. Under Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury . . . ." The probative value, if any, of evidence that Mr. Wickersham attempted suicide on February 3, 2011 is minimal and is substantially outweighed by its danger of unfairly prejudicing Plaintiff.

"An assessment of probative value under Rule 403 requires more than a determination that the evidence is 'relevant' to a material fact in the case. Rather, the trial court must assess the proponent's need for admission of the evidence in the full evidentiary context of the case." *Carnell Constr. Corp. v. Danville Redevelopment & Hous. Auth.*, 745 F.3d 703, 719 (4th Cir. 2014). The issue in this case is whether the airbag system in Plaintiff's Ford Escape is defective and, if so, whether such defect caused Mr. Wickersham's resulting injuries in his collision with the airbag. Evidence or statements suggesting Mr. Wickersham attempted suicide in the initial collision are not relevant to or necessary for Ford's defense in this case. The probative value is negligible considering that there is no actual proof of such an attempt and Ford's own expert testified there was no suicide attempt prior to July 2012.

"After evaluating the marginal probative value of the proposed evidence, the trial court then must balance the value of the evidence against the harmful consequences that may result from its admission." *Id.* at 719. "Foremost among those dangers is the risk of 'unfair prejudice,' which refers to an undue tendency of evidence to influence a jury to make a decision for reasons unrelated to the probative value of the evidence." *Id.* The harmful consequences Ford intends to cause by admitting such evidence is that the jury will conclude Mr. Wickersham was predisposed

4

to commit suicide and, therefore, would have committed suicide regardless of the accident. This is contrary to the evidence and improper. The evidence would unfairly prejudice Plaintiff because it has an undue tendency to improperly influence the jury to make a decision based on mere speculation. Therefore, the Court should exclude the evidence under Rule 403.

## CONCLUSION

For the reasons discussed above, the Court should exclude all evidence, statements, suggestions, or insinuations that Mr. Wickersham attempted suicide on February 3, 2011.

## CERTIFICATION

Pursuant to Local Rule 7.02, DSC, the undersigned counsel for Plaintiff certifies that he has attempted to confer with opposing counsel regarding the subject matter of this motion in an attempt to resolve this issue, but as of this filing the parties have been unable to reach an agreement on these issues.

Don C. Gibson, Esq.
Gibson Law Firm
Dgibsonlaw2@aol.com
5422 Rivers Ave.
North Charleston, SC 29406
Phone: (843) 744-1887
Fax: (843) 744-5320

~and~

***SIGNATURE PAGE TO FOLLOW***

5

PETERS, MURDAUGH, PARKER, ELTZROTH
& DETRICK, P.A.

By: s/Ronnie L. Crosby
    Ronnie L. Crosby
    Fed ID #6311
    rcrosby@pmped.com
    Mark D. Ball
    Fed ID #5122
    mball@pmped.com
    Austin H. Crosby
    Fed ID #11536
    acrosby@pmped.com
    101 Mulberry Street East
    PO Box 457
    Hampton, SC 29924
    Phone: (803) 943-2111
    Fax: (803) 943-3943
    **ATTORNEYS FOR PLAINTIFF**

July __22__, 2016
Hampton, South Carolina