# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | | |
|---|---|---|
| Crystal L. Wickersham, | ) | **C/A NO. 9:13-cv-01192-DCN** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Ford Motor Company, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| Crystal L. Wickersham, as Personal Representative of the Estate of John Harley Wickersham, Jr., | ) | **C/A NO. 9:14-cv-00459-DCN** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Ford Motor Company, | ) | |
| | ) | |
| Defendant. | ) | |

### FORD MOTOR COMPANY'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF OTHER ACCIDENTS, INCIDENTS, CLAIMS, LAWSUITS, SETTLEMENTS AND VERDICTS INVOLVING OTHER FORD VEHICLES

Defendant Ford Motor Company ("Ford") anticipates Plaintiff may attempt to introduce testimony and/or evidence of other accidents, incidents, tests, claims, complaints, lawsuits, settlements, verdicts, orders, and/or judgments involving other Ford vehicles in an attempt to prove the subject 2010 Ford Escape was defectively designed. All such testimony, evidence, and argument should be precluded because:

1. Evidence concerning other accidents is irrelevant and inadmissible in that:

(a) It is not "substantially similar" to the subject vehicle, accident, or facts at issue in this case;

(b) Plaintiff cannot establish the facts of the other incidents they seek to admit; and,

(c) Plaintiff cannot demonstrate that the other incidents relate to a relevant timeframe concerning the incident presented here. More specifically, to the extent it relates to events that occurred after the manufacture and distribution of the subject vehicle on March 27, 2010, it is inadmissible.

2. Even if relevant, any probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, and undue consumption of time;

3. It constitutes inadmissible hearsay; and

4. It would violate Ford's due process rights under the 14th Amendment of the U.S. Constitution.

## STATEMENT OF FACTS

These product liability actions arise from a single-vehicle accident that occurred on February 3, 2011, in Beaufort County, South Carolina. Plaintiff's decedent John Wickersham was driving a 2010 Ford Escape when he failed to properly negotiate a left turn and proceeded through a "T" intersection into a tree. Wickersham sustained facial injuries in the crash, ultimately leading to the loss of his left eye. Wickersham, who had a long history of mental illness before the accident, committed suicide on July 21, 2012. Plaintiff claims that a design defect in the restraint system resulted in a late deployment of the driver's airbag causing Wickersham's injuries.

**MEMORANDUM OF LAW**

I.   **EVIDENCE OF OTHER ACCIDENTS IS IRRELEVANT**

Before Plaintiff can offer evidence of other accidents, she must first demonstrate its relevancy.

    A.   **Even Assuming Some Predicate Establishes Relevancy, Plaintiff Must Also Demonstrate Substantial Similarity In All Significant Respects**

There is no question that evidence of other claims, accidents, or incidents is highly prejudicial. *See, e.g., Buckman v. Bombardier Corp.*, 893 F. Supp. 547, 552 (E.D.N.C. 1995). Before evidence of other accidents can be admitted, the plaintiff must present a factual foundation for the court to determine that the other accidents are "substantially similar" to the accident at issue. *Id.*, (citing *Renfro Hosiery Mills Co. v. National Cash Register Co.*, 552 F.2d 1061, 1068-1069 (4th Cir. 1977); *Barker v. Deere and Co.*, 60 F.3d 158, 162-63 (3rd Cir. 1995) (holding the "foundational requirement of establishing substantial similarity is especially important in cases where the evidence is proffered to show the existence of a design defect" because "the jury is invited to infer from the presence of other accidents that a design defect existed which contributed to the plaintiff's injuries"); *Mills v. Beech Aircraft Corp., Inc.*, 886 F.2d 758, 762 (5th Cir. 1989); *Nachtsheim v. Beech Aircraft Corp.*, 847 F.2d 1261 (7th Cir. 1988); *McKinnon v. Skil Corp.*, 638 F.2d 270, 277 (1st Cir. 1981); *Julander v. Ford Motor Co.*, 488 F.2d 839, 847 (10th Cir. 1973)). "An offer of evidence of other incidents, to support a claim that the present accident was caused by a defect that also caused the other incidents, requires that the plaintiff establish the following factors: (1) the products are similar; (2) the alleged defect is similar; (3) causation related to the defect in the other incidents; and (4) exclusion of all reasonable secondary explanations for the cause of the other incidents." *Buckman*, 893 F.Supp.

552 (citing *Hale v. Firestone Tire & Rubber Co.*, 756 F.2d 1322, 1332 (8th Cir. 1985); *Uitts v. General Motors Corp.*, 411 F. Supp. 1380, 1383 (E.D. Pa. 1974)).[1]

In the automotive context, evidence of prior occurrences and accidents must involve products, facts, and circumstances substantially similar to those involved in the case under consideration in order to be admissible. More specifically, "'substantial similarity' exists in incidents involving the same model, the same design, the same defect and occurring under similar circumstances." *Buck v. Ford Motor Co.*, 810 F.Supp. 2d 815, 847 (N.D. Ohio 2011). The parties in this case disagree strongly with regard to the facts of the underlying accident. It is, therefore, unlikely that Plaintiff can satisfy her burden of establishing that any other accident occurred under similar circumstances.

Unless Plaintiff meets her burden of proving substantial similarity, the court should exclude the proffered evidence.

### B. Evidence of Other Accidents is Inadmissible Because the Circumstances of Those Accidents Have Not Been "Established"

The proponent of evidence concerning other accidents or incidents also bears the burden of affirmatively establishing the causes of the other accidents. Without such a foundation, the occurrence of other accidents is irrelevant to whether the accident involved in the present case occurred as a result of the same alleged defect or dangerous condition. This is precisely the conclusion the Seventh Circuit reached in *Nachtsheim v. Beech Aircraft Corp.*, 847 F.2d 1261 (7th Cir. 1988):

---

[1] The law of South Carolina is in accord. *See e.g.*, *Watson v. Ford Motor Co.*, 389 S.C. 434, 452-56, 699 S.E.2d 169, 179-80 (2010) (requiring the plaintiff to present a factual foundation so the court could determine if the other accidents were substantially similar to the subject accident); *Branham v. Ford Motor Co.*, 390 S.C. 203, 232, 701 S.E.2d 5, 20 (2010) (same); *Whaley v. CSX Transp., Inc.*, 362 S.C. 456, 483, 609 S.E.2d 286, 300 (2005) (excluding prior incidents because plaintiff failed to demonstrate they were substantially similar).

> As the district court noted, there are too few *established facts* about the St. Anne accident from which a comparison between the two accidents can be made. Our primary concern is that the plaintiffs have not presented any evidence that the alleged dangerous condition—a frozen elevator—was in any way involved in the St. Anne accident.

*Id.* at 1269 (emphasis in original).

In *De Pue v. Sears, Roebuck & Co.*, 812 F.Supp. 750 (W.D. Mich. 1992), the court reached the same conclusion:

> The facts surrounding the other accidents are not sufficient so as to rule out other causes. Further, the cause in the instant matter "cannot be readily identified." As I stated above, it appears that none of these other incidents went to trial. Further, no court has made any findings of fact in any of these other cases. Thus, at best we are left with speculation as to the causes of these other accidents. Plaintiff has not met his burden of proving that these other accidents were substantially similar.

*Id.* at 753 (citation omitted). See also, *Paul v. Henri-Line Mach. Tools, Inc.*, No. 13-1417, 557 F. App'x 535, 540 (6th Cir. Mar. 3, 2014) (other incidents must share the same cause); *U.S. Aviation Underwriters, Inc. v. Pilatus Bus. Aircraft, Ltd.*, 582 F.3d 1131, 1149 (10th Cir. 2009) (finding that district court abused its discretion in allowing evidence other incidents where the documents proffered by the plaintiff failed to establish any of the other incidents shared the same cause as the subject accident).

A law review commentator, Robert Sachs, has also recognized this point. *See "Other Accident" Evidence in Product Liability Actions: Highly Probative or an Accident Waiting to Happen?*, 49 Okla. L. Rev. 257 (1996). Sachs noted:

> Accidents can happen in a multitude of ways and the mere fact that an accident has occurred with a product does not mean that the product was defective. . . . Allowing the mere existence of a previous accident to be used in the pending suit as evidence of a product defect, however, is tantamount to saying that because the other accident occurred first, it can now be used as evidence of a product defect, even though it could not have been so used in a claim arising from the previous accident. Such a distinction based upon the priority of the occurrence is an artificial and illogical one.

5

*Id*. at 270.

Here, Plaintiff might seek to identify documents relating to other accidents or incidents involving Ford vehicles, most of which relate to or have been generated in litigation—i.e., documents such as complaints drafted by lawyers asserting allegations in support of liability theories on behalf of their clients.  Not only are the statements not "established," they are merely allegations made by a lawyer in cases in which Ford has or is vigorously defending itself.  Admitting evidence relating to the accidents underlying those other lawsuits would inject unproven, unrelated allegations into this case and effectively try them at the same time.  Further, if Plaintiff seeks to introduce other-incident evidence through lay testimony, lay witnesses are incompetent to testify concerning causation and alleged defects. *See* Fed R. Evid. 701 (precluding testimony by lay witnesses relating inferences or opinions that are based on "scientific, technical, or other specialized knowledge").

     **C.**     <u>**Evidence Relating To Events That Occurred After The Manufacture And Distribution Of The Subject Vehicle Is Inadmissible Pursuant To The Substantive Law Of South Carolina**</u>

Even assuming Plaintiff satisfies the stringent substantial similarity standard, other incident evidence must not run afoul of the substantive law of South Carolina prohibiting the admission of post-manufacture and post-distribution evidence to establish liability.  *See, e.g., Branham*, 390 S.C. 203, 231, 701 S.E.2d 5, 20 (2010) (admission of evidence of post-manufacture rollover data was error).  On this issue, Ford incorporates its memorandum of law in its Motion *in Limine* to Exclude All Post-Manufacture and Post-Distribution Evidence as if fully set forth herein.

**II.     ANY PROBATIVE VALUE OF SUCH EVIDENCE IS SUBSTANTIALLY OUTWEIGHED BY THE DANGER OF UNFAIR PREJUDICE, CONFUSION OF THE ISSUES AND MISLEADING THE JURY**

In this same regard, relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.  Fed. R. Evid. 403.  "Proof of prior accidents is not easily admitted into evidence because it often results in unfair prejudice, consumption of time, and distraction of the jury to collateral matters."  *Blevins v. New Holland N. Am., Inc.*, 128 F.Supp. 2d 952, 961 (W.D. Va. 2001) (concluding that evidence related to a prior accident even if relevant to notice, should still be excluded under Rule 403).

Moreover, introduction of other, unrelated incidents or claims would result in undue burden upon the trial court due to the significant consumption of time required to conduct a series of "mini-trials" to explain and examine the circumstances particular to each proffered event and confirm their substantial similarity or distinguish them as dissimilar.

Products liability cases involving one incident and one plaintiff are already becoming too complex, confusing, expensive, and time-consuming.  When a court permits the use of other claims involving other parties, products, and circumstances, the case necessarily becomes a vehicle for litigating numerous "collateral" issues concerning other unrelated claims.  *See Wilson v. Bicycle S., Inc.*, 915 F.2d 1503, 1510 (11th Cir. 1990).

For these reasons, Rule 403 requires the exclusion of such evidence in this case.

**III.     SUCH TESTIMONY AND EVIDENCE IS INADMISSIBLE HEARSAY**

Additionally, evidence of other incidents is often based on inadmissible hearsay, providing another basis for exclusion.  Fed. R. Evid. 802.  In this case, no witnesses have been identified to lay the foundation for any alleged other incidents, claims, or happenings.  Thus, any evidence on this issue would be secondhand testimony (and likely constitute expert opinions from various fields such as accident reconstruction, engineering, product design, etc.).  Because this constitutes inadmissible hearsay (and perhaps hearsay within hearsay), it should be excluded.  Moreover, general reference to anecdotal documentary evidence of alleged other incidents, without satisfying the elements of admissibility, is not probative to any issue in dispute and would cause great prejudice to Ford.

**IV.     INTRODUCING EVIDENCE OF OTHER CLAIMS, INCIDENTS OR LAWSUITS WOULD VIOLATE FORD'S DUE PROCESS RIGHTS**

It would violate Ford's due process rights under the Fourteenth Amendment of the U.S. Constitution to permit a jury to impose compensatory or punitive damages based on harm to others, or conduct that did not injure this specific Plaintiff.  In *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003), the plaintiffs claimed State Farm committed bad faith and fraud by unreasonably refusing to settle a claim.  The plaintiffs were permitted to offer evidence that "State Farm's decision to take the case to trial was a result of a national scheme to meet corporate fiscal goals by capping payouts on claims on a company wide basis."  The jury awarded $145 million in punitive damages.  Reversing, the Supreme Court held the due process clause requires a nexus between the conduct that caused the underlying injury and the imposition of punitive damages.  "A defendant's dissimilar acts, independent from the acts upon which liability [to the plaintiff] was premised, may not serve as the basis for punitive damages.  A defendant should be punished for the conduct that harmed the plaintiff. . ."  *Id.* at 422-23.

Based on *State Farm,* then, it would be a deprivation of Ford's rights to due process if the jury were permitted to consider other incidents on the issue of punitive damages if those other incidents were not substantially similar.

In addition, the United States Supreme Court has made clear that a jury cannot punish Ford for conduct that may be lawful in other states. *See BMW of N. Am., Inc*. v. Gore, 517 U.S. 559, 572-73, 585 (1996), ("[A] State may not impose economic sanctions on violators of its laws with the intent of changing the tortfeasors' lawful conduct in other States; "While each State has ample power to protect its own consumers, none may use the punitive damages deterrent as a means of imposing its regulatory policies on the entire Nation."); *Campbell*, 538 U.S. at 421, ("A State cannot punish a defendant for conduct that may have been lawful where it occurred."). While a cause of action addressing defective products exists in every state, a product may be considered "defective" in one jurisdiction, but may not satisfy the "defect" definition in another jurisdiction. Accordingly, if a South Carolina jury were allowed to consider accidents occurring in other jurisdictions, it may be punishing the defendant for lawful conduct that would not rise to the level required to impose compensatory or punitive liability in that foreign jurisdiction.

Further, in *Philip Morris USA v. Williams*, 549 U.S. 346, 127 S. Ct. 1057, 1061 (2007), a plaintiff sought to punish a cigarette manufacturer through punitive damages by asking the jury to "think about" all of the other people "killed" by the defendant's cigarettes. The Court found this violated the defendant's due process rights, in part, because the defendant had no ability to defend itself against such charges:

> The Due Process Clause prohibits a State from punishing an individual without first providing that individual with "an opportunity to present every available defense." … Yet a defendant threatened with punishment for injuring a nonparty victim has no opportunity to defend against the charge, by showing, for example

9

> in a case such as this, that the other victim was not entitled to damages because he or she knew that smoking was dangerous or did not rely upon the defendant's statements to the contrary.

*Id.* at 1063. *See also Mitchell, Jr. v. Fortis Ins. Co.*, 385 S.C. 570, 586, 686 S.E.2d 176, 184 (2009) (approving the holdings in both *Gore* and *Williams* limiting damages to conduct that harmed the Plaintiff).

The same is true here. Other incidents, claims and lawsuits have no nexus to this Plaintiff's injuries and thus admission of this evidence creates the significant risk that Ford would be punished for harm allegedly caused to others. As such, to allow any of this evidence would violate Ford's right to due process.

## **CONCLUSION**

For the reasons set forth herein, all testimony, reference, and evidence of any alleged other accidents, incidents, tests, claims, complaints, lawsuits, settlements, verdicts, orders, and/or judgments should be excluded from trial because any such testimony and evidence fails to meet the stringent requirements for admissibility.

## **Local Rule 7.02 Affirmation**

The undersigned counsel for Defendant Ford Motor Company would show that, prior to filing of the instant motion, they communicated with opposing counsel in a good faith effort to resolve the matter contained herein.

(Signature page to follow.)

                                              TURNER, PADGET, GRAHAM & LANEY, P.A.

July 22, 2016                    By:    s/ Carmelo B. Sammataro
                                                J. Kenneth Carter, Jr. (Fed. I.D. No. 5108)
                                                Nicholas W. Gladd (Fed. I.D. No. 8085)
                                                Carmelo B. Sammataro (Fed. I.D. No. 9174)
                                                Post Office Box 1473
                                                Columbia, SC 29202
                                                KCarter@TurnerPadget.com
                                                NGladd@TurnerPadget.com
                                                SSammataro@TurnerPadget.com
                                                Phone: (803) 254-2200
                                                Fax: (803) 799-3957

                                                **ATTORNEYS FOR DEFENDANT**